NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELLIOTT E. FISHER,**
*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2015-3207

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-12-0268-I-2.

---

Decided: March 10, 2016

---

ELLIOTT E. FISHER, Apache Junction, AZ, pro se.

JOSEPH ASHMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before LOURIE, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Elliott E. Fisher ("Fisher") appeals from the final decision of the Merit Systems Protection Board (the "Board") denying his petition for review and affirming the initial decision that affirmed the agency's action of removal. *Fisher v. Dep't of Health & Human Servs.*, No. DE-0752-12-0268-I-2 (M.S.P.B. June 25, 2015) ("*Final Order*"); *see Fisher v. Dep't of Health & Human Servs.*, No. DE-0752-12-0268-I-2 (M.S.P.B. Jan. 26, 2015) ("*Initial Decision*"). Because the Board did not err in denying the petition for review, we *affirm*.

## BACKGROUND

Beginning in March 2009, the Indian Health Service ("IHS") employed Fisher as a psychiatric licensed practical nurse at the Desert Visions Youth Wellness Center, which treats adolescent patients with mental health and substance abuse problems. *Final Order* at 2; *Initial Decision* at 2. In November 2009, Fisher became concerned by a patient's behavior and, believing her to be suicidal, requested an ambulance to transport the patient to another facility for an extended psychiatric evaluation. *Final Order* at 3; *see also Initial Decision* at 20. However, Dr. Beckstead, the supervising physician on duty, cancelled the emergency transport after asking Fisher a few questions about the patient. Pet'r's Br. 9. Fisher believed that Dr. Beckstead by that behavior failed to perform his sworn duty to follow patient assessment protocols. *Id.*

Fisher met with his supervisors in October 2011 and allegedly disclosed Dr. Beckstead's conduct in refusing to follow protocol by cancelling transport for the suicidal patient in 2009. *Final Order* at 6; *Initial Decision* at 16. In November 2011, Fisher filed a formal complaint regarding the 2009 incident with the state psychology licensing board (the Arizona Board of Psychologist Examiners). *Final Order* at 6.

In January 2012, IHS placed Fisher on administrative leave pending an investigation into allegedly inappropriate patient and staff interactions, and proposed a 14-day suspension of Fisher. *Final Order* at 2. Before the suspension was implemented, however, IHS informed Fisher that he was being assigned to a detail at a different location, effective February 8, 2012, and that refusal to comply with that assignment could result in his removal. *Id.* Fisher responded that he would not comply, and IHS notified him on February 13 that he was considered absent without leave ("AWOL"). *Initial Decision* at 4. On February 21, IHS decided to suspend him for 14 days, from February 27 to March 11, as a result of the patient-interaction infractions. *Id.* at 5. Before the suspension went into effect, however, on February 24, IHS issued a notice of proposed removal for failure to comply with the detail assignment. *Id.*

Fisher filed an individual right of action ("IRA") appeal challenging his detail assignment to a facility he considered he was not qualified to work in as inappropriate retaliation for a protected disclosure. *Fisher v. Dep't of Health & Human Servs.*, No. DE-1221-13-0778-W-1 (M.S.P.B. Dec. 12, 2014). The Board dismissed his IRA appeal for lack of jurisdiction, finding that, although he had made a nonfrivolous allegation of a protected disclosure, he failed to nonfrivolously allege that his disclosure was a contributing factor to the detail assignment, *e.g.*, how the internal investigation led to the detail or could have been a pretext for gathering information to retaliate. Fisher did not appeal from that decision.

Fisher also filed the instant appeal at the Board challenging his removal. The administrative judge ("AJ") determined that Fisher had met his burden to show that he had made a protected whistleblower disclosure. *Initial Decision* at 20–21. Based on Fisher's communications to the deciding official, in which he asserted retaliation, and the time period between the disclosure and the removal,

the AJ found that Fisher had also met his burden to show that the protected disclosure was a contributing factor to the removal action under the Board's previously-elaborated "knowledge/timing" test. *Id.* at 21–22. However, the AJ found that the agency had shown by clear and convincing evidence that it would have removed Fisher even absent the disclosure, and that the penalty for his failure to comply with the detail assignment was reasonable. *Id.* at 22–26.

Fisher filed a petition for review, which the full Board denied. *Final Order* at 2. The Board found that Fisher failed to show error in the AJ's findings that Fisher's position was subject to the detail assignment; that the Board lacks jurisdiction to review the basis for the detail; and that the agency proved that Fisher was AWOL. *Id.* at 5–6. The Board further found that Fisher did not provide sufficient reason for the Board to reevaluate the AJ's credibility determinations. *Id* at 6–7. The Board noted the AJ's analysis of the *Carr* factors, *see Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), and affirmed the AJ's finding that the penalty of removal was within the limits of reasonableness. *Final Order* at 8–9. The Board also rejected Fisher's challenges to the AJ's rulings regarding witness testimony. *Id.* at 9–10. The Board thus declined the petition for review and affirmed the AJ's initial decision.

Fisher appealed from the Board's final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the decision of the Board unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

When evaluating whether an agency has shown by clear and convincing evidence that it would have taken a personnel action against a whistleblower even absent the protected disclosure, the Board considers:

> the strength of the agency's evidence in support of its personnel action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

*Carr*, 185 F.3d at 1323. The Board's review of the penalty imposed is limited to determining whether the agency considered all relevant factors and exercised its management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Admin.*, 5 M.S.P.B. 313, 333 (1981).

Fisher argues that the suspension, detail, and removal were all in retaliation for his protected disclosure, and challenges the credibility determinations underlying the AJ's factual findings. Pet'r's Br. 4–6, 10–12; Reply Br. 10–12. Fisher asserts that the deciding official for the removal action did not explicitly analyze, and thus did not properly consider, any mitigating *Douglas* factors when imposing the penalty. Pet'r's Br. 13; Reply Br. 10. Fisher also argues that he was denied due process of progressive discipline and administrative hearings, and thus the penalties were not reasonable. Pet'r's Br. 12–14, 18; Reply Br. 4, 8–9. Fisher also disputes the propriety of the suspension in response to his patient interactions and the detail assignment to a different facility. Pet'r's Br. 15; Reply Br. 3–7, 11–12. Fisher further challenges the AJ's findings on the timing of his protected disclosure, Pet'r's Br. 10–12, 17; Reply Br. 7, and insists that the new evidence he presented with the petition for review should have been considered, Pet'r's Br. 10–11.

The government refutes all of Fisher's arguments. It responds that there was clear and convincing evidence to show that the agency would have removed Fisher even absent any protected disclosure. Also, there were sufficient analyses of the *Douglas* factors evident in the notices of suspension and removal; federal employees subject to removal are not necessarily entitled to a hearing; and the suspension prior to the removal indicated progressive discipline and thus supported the reasonableness of the penalty. Resp't's Br. 14–16. The government argues that the Board correctly held that it could not hear a challenge to the basis for the detail because it did not involve a reduction in pay or grade. *Id.* at 11–12. The government finally contends that any alleged errors relating to the date of disclosure are not relevant to this appeal because the AJ ultimately found that Fisher had met his burden to show that he made a protected disclosure and that it was a contributing factor to his removal. *Id.* at 8–9.

We agree that the Board did not err in finding that the agency proved that it would have removed Fisher even absent the protected disclosure and that the removal was reasonable. The instant appeal is limited to that removal action, and does not involve a review of the merits of the suspension or the detail assignment. As noted by the Board, many of Fisher's assertions focus on the removal action as retaliation; however, the removal itself was premised upon his failure to report to his new detail assignment. The Board considered the *Carr* factors and concluded that the agency had proved with clear and convincing evidence that the IHS would have removed Fisher for being AWOL even if he had never made the protected disclosure. The date of disclosure and other factual determinations that Fisher challenges are not at issue here because the AJ found in his favor that he had met his burden to show that it was a protected disclosure and that it was a contributing factor to the removal action. His arguments about due process and mitigating

factors primarily relate to his detail and suspension for unrelated conduct, and thus are insufficient to establish error in the Board's decision affirming his removal.

## CONCLUSION

We have considered Fisher's remaining arguments and find them unpersuasive. We conclude that the Board's decision is not arbitrary or capricious, is not contrary to law, and is supported by substantial evidence. Accordingly, the decision of the Board is affirmed.

## **AFFIRMED**

### COSTS

No costs.